UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH WHITEHOUSE and SYLVIA WHITEHOUSE,<br><br>Plaintiffs<br><br>vs.<br><br>ACADIA INSURANCE COMPANY,<br><br>Defendant | Civil Action No.: _____<br><br><br>05-10939 MEL |

## AFFIDAVIT OF MARSHALL J. TINKLE

Marshall J. Tinkle, first being duly sworn, deposes and says as follows:

1. I have been retained as counsel for Defendant, Acadia Insurance Company, in the civil action captioned *Joseph Whitehouse and Sylvia Whitehouse vs. Acadia Insurance Company,* Docket No. 05-CV-420, pending in the Malden District Court of the Commonwealth of Massachusetts.

2. A copy of the Docket Sheet in the above-captioned matter was obtained at my direction on May 4, 2005 and is attached hereto as Exhibit A.

3. Attached hereto as Exhibit B are accurate copies of the Plaintiffs' Complaint (which includes the Appearance for Joseph Whitehouse and Appearance for Sylvia Whitehouse as reflected in the Court's docket sheet); Statement of Damages; and Amended Complaint, which are the only documents docketed in the state court proceedings before removal to this Court. (The Clerk's Office for the Malden District Court has confirmed that although the docket sheet also reflects a Notice of Potential

Potential Dismissal Under Mass. R.Civ. P. 41(b)(1), no such document has actually been generated.)

4. The duplicate record reflects every action taken in this matter by the state court prior to removal.

Dated: May 5, 2005.

*Marshall J. Tinkle*
Marshall J. Tinkle

STATE OF MAINE
CUMBERLAND, ss                                May 5, 2005

Personally appeared the above-named Marshall J. Tinkle and made oath that the foregoing Affidavit is true, based on his knowledge, information and belief.

Before me,

*Karen Felton*, Karen Felton
Notary Public, State of Maine
My commission expires 8/26/06

## CERTIFICATE OF SERVICE

I, Marshall J. Tinkle, Esq., hereby certify that on May 5, 2005, I caused a true copy of the within AFFIDAVIT OF MARSHALL J. TINKLE to be mailed by First Class Mail, postage prepaid, to Thomas M. Glynn, Esq., 114 West Foster Street, Melrose, MA 02176, counsel for the Plaintiffs.

*Marshall J. Tinkle*
Marshall J. Tinkle, Esq.

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
(207) 874-6700

| Civil DOCKET | DOCKET NUMBER 200550CV000420 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| CASE NAME | CURRENT COURT |
|---|---|
| JOSEPH WHITEHOUSE vs. ACADIA INSURANCE COMPANY | Malden District Court<br>89 Summer Street<br>Malden, MA 02148-2594<br>(781) 322-7500 |

| ASSOCIATED DOCKET NO. | DATE FILED | DATE DISPOSED |
|---|---|---|
| | 04/15/2005 | 00/00/0000 |

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEY |
|---|---|
| P01 JOSEPH WHITEHOUSE<br>IPSWICH, MA 01938 | THOMAS M. GLYNN<br>114 WEST FOSTER STREET<br>MELROSE, MA 02176<br>(781) 665-9955 |
| P02 SYLVIA WHITEHOUSE | THOMAS M. GLYNN |

| DEFENDANT(S)/OTHER SINGLE PARTIES | DEFENDANT'S ATTORNEY |
|---|---|
| D01 ACADIA INSURANCE COMPANY<br>WESTBROOK, ME | |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 04/15/2005 | Complaint filed on 04/15/2005 at Malden District Court. |
| 2 | 04/15/2005 | Appearance for Joseph Whitehouse filed by Attorney THOMAS M. GLYNN 114 West Foster Street Melrose MA 02176 BBO# 628733 |
| 3 | 04/15/2005 | Appearance for Sylvia Whitehouse filed by Attorney THOMAS M. GLYNN 114 West Foster Street Melrose MA 02176 BBO# 628733 |
| 4 | 04/15/2005 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 5 | 04/15/2005 | Statement of damages filed by P01 JOSEPH WHITEHOUSE (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 6 | 04/15/2005 | Statement of damages filed by P02 SYLVIA WHITEHOUSE (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 7 | 04/15/2005 | NOTICE OF POTENTIAL DISMISSAL UNDER MASS.R.CIV.P. 41(b)(1) potentially to be sent on 04/10/2008 04:00 PM. |

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK<br>X | | DATE |
|---|---|---|---|---|

Date/Time Printed: 05/02/2005 09:01 AM

| | DOCKET CONTINUATION | DOCKET NUMBER<br>200550CV000420 |
|---|---|---|

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 04/28/2005 | Amended complaint filed (Mass.R.Civ.P. 15). |

| Page 2 of 2 | A TRUE COPY,<br>ATTEST: | CLERK-MAGISTRATE/ASST. CLERK<br>X | DATE |
|---|---|---|---|

Date/Time Printed: 05/02/2005 09:01 AM

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                           DISTRICT COURT DEPARTMENT
                                        MALDEN DIVISION
                                        NO:             05-420

```
***************************
                          *
JOSEPH WHITEHOUSE and      *
SYLVIA WHITEHOUSE,         *
          Plaintiffs,      *
                          *
v.                         *
                          *         COMPLAINT
ACADIA INSURANCE COMPANY   *
          Defendant.       *
                          *
***************************
```

Now comes the plaintiffs, Joseph Whitehouse and Sylvia Whitehouse, and allege the following:

### The Parties

1. Plaintiff, Joseph Whitehouse, is an individual who resides in Ipswich, Essex County, Massachusetts;

2. Plaintiff, Sylvia Whitehouse, is and individual who resides in Malden, Middlesex County, Massachusetts;

3. Defendant, Acadia Insurance Company, is a corporation principally located in Westbrook, Maine and transacts business in the Commonwealth of Massachusetts;

### Jurisdiction

4. Plaintiff's claim arises from the defendant's transacting business in the commonwealth and

contracting to insure plaintiff pursuant to G.L. c. 223A, s. 3(a), (f);

## Facts

5. Defendant insured the plaintiffs on April 14, 2003 against physical loss of or damage to the plaintiff's 2002 Pacemaker Yacht;

6. Said Yacht was docked at Admiral's Hill Marina in Chelsea, Massachusetts on April 14, 2003;

7. On April 14, 2003, said Yacht sank while docked at said marina and the plaintiffs incurred losses associated therewith;

8. On April 25, 2003 defendant denied plaintiffs' claim for losses;

9. On September 8, 2004, plaintiffs through their attorney requested documentation and investigative reports supporting the denial of the claim;

10. On February 15, 2005, the plaintiffs, through their attorney, sent a demand letter pursuant to G.L. c. 93A demanding payment on the claim for losses stating that the incomplete and factually incorrect investigation, failure to provide specific requested information regarding the denial of the claim, vague and unsubstantiated grounds for the denial, and

failure to provide a rational basis for the denial violated G.L. c, 93A;

11. In the letter of February 15, 2005, the plaintiffs included the letter of September 8, 2004 requesting information and documents regarding the basis of denial;

12. Plaintiffs have maintained the sinking was the result of no wrongdoing on their part;

13. On March 4, 2005, defendant reaffirmed the denial of the claim stating the reason for the denial was the plaintiffs' failure to keep the yacht seaworthy;

14. To date, defendant has not provided specifically requested information and documents regarding the denial of the claim;

15. The defendant has failed to adequately investigate the plaintiff's claim;

16. The defendant has failed to provide the plaintiffs with reasonably requested information regarding the investigation of their claim;

17. The defendant has issued factually incorrect information regarding the denial of the claim;

18. The defendant has failed to present a rational basis for denying the plaintiff's claim;

Count 1 - Unfair and Deceptive Business Practices  G.L. c. 93A

19. The plaintiff realleges paragraphs one through eighteen;

20. The facts stated herein amount to unfair and deceptive business practices pursuant to G.L. c. 93A, s. 2;

21. The plaintiffs have been damaged by foreseeable losses flowing for the defendant's practices;

Count 2 - Breach of Contract

22. The plaintiff realleges paragraphs one through eighteen;

23. The insurance policy between the plaintiffs and defendant was a valid and binding contract;

24. By denying the claim the defendant breached its contract with the plaintiffs;

25. The plaintiffs have been damaged by foreseeable losses flowing for the defendant's breach.

WHEREFOR:

The plaintiffs demand the following:

1. Compensatory damages in the amount of the cost of repair and replacement of the plaintiffs' property;

2. Consequential damages;

3. Treble damages pursuant to G.L. c. 93A, s. 9;

4. Attorney's fees and costs pursuant to G.L. c. 93A, s. 9.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.

Respectfully submitted,
Joseph Whitehouse and
Sylvia Whitehouse,
By their attorney,

Date: 4/15/05

Thomas M. Glynn
114 West Foster Street
Melrose, Massachusetts 02176
(781) 665-9955
BBO# 628733

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                  DISTRICT COURT DEPARTMENT
                                               MALDEN DIVISION
                                               NO:                05420

```
***************************
                          *
JOSEPH WHITEHOUSE and      *
SYLVIA WHITEHOUSE,         *
        Plaintiffs,        *
                           *
v.                         *        STATEMENT OF DAMAGES
                           *
ACADIA INSURANCE COMPANY   *
        Defendant.         *
                           *
***************************
```

Plaintiffs hereby state damages in this action as follows:

1) Value of engine repairs, repair of boat and fixtures:                $25,800.00
2) Dock fee                                                              2,080.00
3) Loss of use                                                           1,500.00

Total:                                                                 $29,380.00

Respectfully submitted,
Joseph Whitehouse and
Sylvia Whitehouse
By their attorney,

Date: 4/15/05

_____
Thomas M. Glynn
114 West Foster Street
Melrose, Massachusetts 02176
(781) 665-9955
BBO# 628733

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                           DISTRICT COURT DEPARTMENT
                                        MALDEN DIVISION
                                        NO: 0550CV420

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                              \*
JOSEPH WHITEHOUSE and         \*
SYLVIA WHITEHOUSE,            \*
       Plaintiffs,            \*
                              \*         NOTICE OF AMENDED
v.                            \*         COMPLAINT AS A MATTER
                              \*         OR COURSE PURSUANT TO
ACADIA INSURANCE COMPANY      \*         MASS.R.CIV.P. 15(a)
       Defendant.             \*
                              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Now come the plaintiffs, Joseph Whitehouse and Sylvia Whitehouse, and amend the complaint in this matter by striking "2002 Pacemaker Yacht" in paragraph 5 and replacing with "1979 Pacemaker Yacht and 2002 GM engine."

Date: 4/26/05

Respectfully submitted,
Joseph Whitehouse and
Sylvia Whitehouse
By their attorney,

Thomas M. Glynn
114 West Foster Street
Melrose, Massachusetts 02176
(781) 665-9955
BBO# 628733

## CERTIFICATE OF SERVICE

I, Thomas M. Glynn, hereby certify that I served the above Notice of Amended Complaint as a Matter of Course Pursuant to Mass.R.Civ.P. 15(a), this date, via the United States Mail, to the following:

>Acadia Insurance Company
>One Acadia Commons
>PO Box 9010
>Westbrook, ME 04098-5010
>Attn: Barbara L. Taylor, Director of Claims

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATE: 4/26/05

Thomas M. Glynn