# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH WHITEHOUSE and <br> SYLVIA WHITEHOUSE, <br><br> Plaintiffs <br><br> vs. <br><br> ACADIA INSURANCE COMPANY, <br><br> Defendant | Civil Action No.: 05-cv-10939 MEL |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

### ANSWER

NOW COMES Defendant Acadia Insurance Company by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and answers Plaintiff's Amended Complaint as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4. Paragraph 4 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant admits it issued Policy No. YPA 0044762-14 to Plaintiffs for the policy period July 10, 2002 to July 10, 2003, which policy covered a 1979 Pacemaker and twin 260 hp GM 2002 engines. Defendant states by way of further answer that the policy speaks for itself.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint and, therefore, denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and, therefore, denies same.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendant admits that Plaintiffs' counsel sent a letter dated February 15, 2005 to Acadia , which letter speaks for itself and, therefore, requires no further response. To the extent the remaining allegations in Paragraph 10 require a response, Defendant specifically denies the same.

11. The letter referred to in Paragraph 11 of Plaintiffs' Amended Complaint speaks for itself and, therefore, requires no further response. To the extent the remaining allegations in Paragraph 11 require a response, Defendant specifically denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint and, therefore, denies same.

13. Defendant admits that it sent a letter to Plaintiffs' counsel dated March 4, 2005, which letter speaks for itself and, therefore, requires no further response. To the extent the remaining allegations in Paragraph 13 require a response, Defendant specifically denies the same.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

## COUNT 1

19. Defendant Acadia Insurance Company repeats and realleges its Answers to the allegations contained in Paragraphs 1 through 18, inclusive, above of Plaintiffs' Amended Complaint with the same force and effect as if more fully set forth herein.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

## COUNT 2

22. Defendant Acadia Insurance Company repeats and realleges its Answers to the allegations contained in Paragraphs 1 through 21, inclusive, above of Plaintiffs' Amended Complaint with the same force and effect as if more fully set forth herein.

23. Paragraph 23 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies same.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

WHEREFORE, Defendant Acadia Insurance Company respectfully requests that Counts 1 and 2 of Plaintiffs' Amended Complaint be dismissed with prejudice, and that Defendant be awarded its costs, including attorneys' fees, and such other and further relief as this Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and as and for its affirmative defenses to Plaintiffs' Amended Complaint states as follows:

1. Counts I and II of Plaintiffs' Amended Complaint fail to state a claim upon which relief can be granted.

2. Counts I and II of Plaintiffs' Amended Complaint are barred by the applicable statute(s) of limitations.

3. Counts I and II of Plaintiffs' Amended Complaint are time barred under the express terms of the subject policy.

4. The policy issued to Plaintiffs does not provide coverage for the loss alleged by Plaintiffs in this matter.

5. Plaintiffs' breaches of the contract of insurance upon which their claim is premised bars any recovery herein.

6. Defendant reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts as determined through full and complete discovery in this matter.

DATED at Portland, Maine, this 12th day of May, 2005.

        ACADIA INSURANCE COMPANY

        By its counsel:

        /s/   Leonard W. Langer, Esq.

        /s/   Marshall J. Tinkle, Esq.
        BBO # 565513

Tompkins, Clough, Hirshon
   & Langer, P. A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
  207-874-6700
lwlanger@tchl.com

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on May 12, 2005, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  none.  I further certify that on May 12, 2005, I forwarded by first class mail, postage prepaid, a copy of the within document to Thomas Michael Glynn, Esq., 114 West Foster Street, Melrose, MA 02176, counsel for Plaintiffs.

        /s/  Leonard W. Langer

ACADIA\Whitehouse\Answer Amended Complaint.doc