UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH WHITEHOUSE and<br>SYLVIA WHITEHOUSE,<br><br>        Plaintiffs<br><br>    vs.<br><br>ACADIA INSURANCE COMPANY,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 05-cv-10939 RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO
<u>COMPEL ANSWERS TO INTERROGATORIES</u>**

NOW COMES Defendant, Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 37.1(B), Local Rules of the United States District Court for the District of Massachusetts, submits the following Memorandum of Law in support of its Motion to Compel Answers to Interrogatories.

<u>**DISCOVERY CONFERENCE**</u>

The parties conferred by telephone on October 15, 2007, at approximately 10:30 a.m. Conference time: approximately 5 minutes. For Plaintiff: Thomas M. Glynn. For Defendant: Marshall J. Tinkle. Plaintiffs' attorney agreed to provide both answers to Interrogatories and responses to Defendant's Request for Production of Documents by October 17, 2007.

On October 17, 2007, Defendant's counsel received responses to Defendant's First Request for Production of Documents but no answers to interrogatories. In his

cover letter, Attorney Glynn stated, "I expect the answers to interrogatories to be completed and signed by Friday."

On Thursday, October 18, 2007, the parties again conferred by telephone, at approximately 3:30 p.m. Conference time: approximately 5 minutes. For Plaintiff: Thomas M. Glynn. For Defendant: Marshall J. Tinkle. Plaintiffs' counsel indicated that, notwithstanding his letter of October 17, 2007, he did not think that answers to Interrogatories would be available by Friday, October 19, 2007, nor could he state what date the answers would be available.

## DEFENDANT'S POSITION

Defendant served its First Set of Interrogatories on Plaintiffs on August 7, 2007. A copy of these Interrogatories is attached hereto as **Exhibit "A"**. Plaintiffs have failed to respond to the Interrogatories in any manner, and the answers are overdue. Plaintiffs' delay is prejudicial to Defendant, as the discovery deadline is October 31, 2007.

The Interrogatories seek relevant information that is discoverable pursuant to Rules 26 and 33, F.R. Civ. P., and should be answered in full. Plaintiffs have not contended otherwise.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Compel and order Plaintiffs to answer Defendant's Interrogatories in full within seven (7) days of the Court's order.

Dated at Portland, Maine this 23rd day of October, 2007.

                    ACADIA INSURANCE COMPANY

                    By its Counsel:

                    /s/ Leonard W. Langer
                    Leonard W. Langer, Esq.

                    /s/ Marshall J. Tinkle
                    Marshall J. Tinkle, Esq.
                    BBO #565513

Tompkins, Clough, Hirshon & Langer. P.A.
Three Canal Plaza
P.O. Box 15060
Portland, ME  04112-5060
Tel:   (207) 874-6700
Fax:   (207) 874-6705

## CERTIFICATE OF SERVICE

I, LEONARD W. LANGER, Esq., hereby certify that on October 23rd, 2007, I caused a true copy of the within MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES to be mailed by First Class Mail, postage prepaid, to Thomas M. Glynn, Esq., 114 West Foster Street, Melrose, MA  02176, counsel for the Plaintiffs.

                    By:/s/ Leonard W. Langer
                        Leonard W. Langer, Esq.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH WHITEHOUSE and SYLVIA WHITEHOUSE, <br><br> Plaintiffs <br><br> vs. <br><br> ACADIA INSURANCE COMPANY, <br><br> Defendant | Civil Action No.: 05-cv-10939 RWZ |

### DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFFS JOSEPH WHITEHOUSE AND SYLVIA WHITEHOUSE

NOW COMES Defendant Acadia Insurance Company ("Acadia"), by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 33, F.R.Civ.P., propounds the following Interrogatories to the Plaintiffs Joseph and Sylvia Whitehouse. Please note that Rule 33 requires that the Interrogatories be answered fully and under oath within thirty (30) days from the date of service hereof, and that each Interrogatory be repeated before your Answer. These Interrogatories are deemed to be continuing, and Supplemental Answers are to be filed, if appropriate, under changing conditions.

### DEFINITIONS

A.   "Relate To" is used in its most comprehensive sense and includes not only documents which contain, or in which explicit reference is made to, the subject of the inquiry, but also documents in which the subject matter is in any way considered or in which other documents or conversations bearing on the subject are considered.

B.  "Document or Documents" means any written, recorded, filmed or graphic matter, whether produced or reproduced or on paper, cards, tapes, film, electronic facsimile, computer storing devices or any other media, including, but not limited to, papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, records, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or other meetings, affidavits, statements, charts, graphs, specifications, drawings, blueprints, summaries, opinions, proposals, reports, studies, analyses, audits, evaluations, contracts, agreements, journals, statistical records, ledgers, books of account, bookkeeper entries, financial statements, tax returns, vouchers, checks, check stubs, invoices, receipts, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing reports and output, microfilms, all records kept by electronic, photographic or mechanical means, and all things similar to any of the foregoing however denominated. Different versions of the same document (e.g. copies of a printed document with different handwritten notations and superseded drafts) are different documents within the meaning of the term as used herein.

C.  "Communication" refers to any transmittal of information or request for information, by document, or otherwise, and includes any conversation in person, by telephone or by any other means.

D.  As used herein, "identify" or "identity":

(i)  when used in reference to any individual person means to state said person's full name and present address, present or last known position and business affiliation, and position and business affiliation at the time in question.

(ii) when used in reference to a document, state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

(iii) when used in reference to a corporation means to state its full name and the address of its principal office.

E. "Parties". The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

F. "Person". The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

G. "Concerning". The term "concerning" means referring to, describing, evidencing, or constituting.

H. "State the Basis". When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall.

(i) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(ii) identify each and every communication with forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(iii) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(iv) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

I. If privilege is claimed with regard to any of the Interrogatories set forth herein, please furnish the following information with regard to the claim:

i. the precise nature of the privilege claimed;

ii. the reasons for claiming the privilege

iii. if the claim of privilege relates to information obtained from a client, informant or witness, please identify the client, informant or witness by full name, home address and business address.

J. As used herein "you" or "your" means the Plaintiffs Joseph Whitehouse and Sylvia Whitehouse, either individually or jointly.

## INTERROGATORIES

1. Please identify each and every person who assisted or participated in any manner in supplying information given in answer to these, or were relied on in preparing Answers to these, Interrogatories, including their social security number and date of birth.

2. Please identify the vessel underlying your claim in this matter, giving the make, model, length and year of manufacture (hereinafter the "Vessel").

3. Please set forth each and every date on which the Vessel has been surveyed since you acquired the Vessel, identify the person surveying the Vessel.

4. Please describe any maintenance work you have done or had done to the Vessel's exhaust system, including, but not limited to the thru-hulls for the exhaust system, since you acquired the Vessel, and identify the person or entity who did the work and when the work was done.

5. Please identify the marina or boatyard where the Vessel was stored during each winter from the time you acquired the Vessel to the present.

6. Please describe in detail the manner in which the Vessel was winterized for each period of winter storage from the time you acquired the Vessel to the present.

7. Please identify each and every time you had been on the Vessel during the period October 1, 2002 to April 14, 2003, and for each such period, please state the length of time of your visit, and the reason for your visit.

8. Please state when you first became aware that the Vessel's exhaust thru-hull(s) was/were leaking, and what you did in response to such information.

9. Please identify each and every pump on the vessel on April 14, 2003, giving:

   a) the make, model and manufacturer of the pump;

   b) the date of purchase of the pump;

   c) the date of installation of the pump on the vessel; and

   d) whether the pump was operational on April 14, 2003, and if not, why not.

10. Please describe in detail what you did upon learning that the Vessel had sunk at the dock on or about April 14, 2003.

11. Please describe what efforts you, or those acting on your behalf, took to minimize potential damages to the Vessel after it sank on or about April 14, 2003.

5

12. Please set forth in detail each and every element of damage you claim to have incurred as a result of the sinking of the Vessel on or about April 14, 2003.

13. Please state in detail the cause of the sinking of the Vessel on or about April 14, 2003, and state the basis for such opinion.

14. Please identify each and every person whom you believe has any information relating to the cause of the sinking of the Vessel on or about April 14, 2003.

15. Please identify each and every person whom you believe has any information relating to the damage, or the effort to minimize the damage, caused by the sinking of the Vessel on or about April 14, 2003.

16. Please identify each and every statement, oral or otherwise, made by Acadia, or anyone acting on its behalf, relating to the sinking, and later recovery, of the Vessel, and identify the person(s) making the statements, the date and times thereof, and the content of such statements.

17. Please identify each and every statement, oral or otherwise, made by Acadia, or anyone acting on its behalf, relating to insurance coverage, or the lack thereof, for the costs relating to the sinking of the Vessel on or about April 14, 2003, or its recovery, and identify the person(s) making the statements, the date and times thereof, and the content of such statements.

18. Please identify the person or persons at Admiral's Hill Marina with whom you dealt regarding the storage of the Vessel during the winter of 2002-2003.

19. Please describe each and every conversation you had with Adam Cooper, or any other person, at Hawthorne Cove Marina after the sinking of the Vessel on or about April 14, 2003.

20. Please state each and every fact upon which you rely for the allegation in paragraph 12 of your Complaint that "the sinking was the result of no wrongdoing on [Plaintiffs'] part".

21. Please state each and every fact upon which you rely for the allegation in paragraph 15 of your Complaint that "The defendant has failed to adequately investigate the Plaintiff's [sic] claim".

22. Please state each and every fact upon which you rely for the allegation in paragraph 17 of your Complaint that "The defendant has issued factually incorrect information regarding the denial of the claim".

23. Please state each and every fact upon which you rely for the allegation in paragraph 18 of your Complaint that "The defendant has failed to present a rational basis for denying the plaintiff's [sic] claim".

24. Please state the amount of attorney's fees you allege to have incurred to date relating to this matter.

Dated at Portland, Maine this 7th day of August, 2007.

Leonard W. Langer
Counsel for Defendant
Acadia Insurance Company

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112
(207) 874-6700
lwlanger@tchl.com

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on August 7, 2007, I caused a copy of the within document to be telefaxed and mailed by first class mail, postage prepaid, to Thomas M. Glynn, Esq., 114 West Foster St., Melrose, MA 02176, counsel for the Plaintiffs.

_____
Leonard W. Langer

Acadia/Whitehouse
Def's Ints to Plts

8